S03Y0187, S03Y0188, S03Y0189, S03Y0280. IN THE MATTER OF
M. BERNT MEYER (four cases).
(587 SE2d 60)

PER CURIAM.

Respondent M. Bernt Meyer has four disciplinary matters currently pending before this Court. According to the Notices of Discipline filed by the State Bar, Meyer has violated Standards 3, 4, 22, 23, 44, 61, 63, 65 and 66 and Rule 9.3 of the Georgia Rules of Professional Conduct, all of Bar Rule 4-102 (d). A violation of Standard 3, 4, 44, 61, 63, 65, or 66 is punishable by disbarment, while the sanction for a violation of Standard 22, 23 or Rule 9.3 is a public reprimand. We note that Meyer was declared legally incapacitated in August 2002, and that his legal guardian, Scott Markowitz, acknowledged service of the Notices of Discipline issued in each of the above-captioned proceedings on July 28, 2003, pursuant to Bar Rule 4-203.1 (b) (1). As no Notices of Rejection have been filed in any of these matters, Meyer's right to an evidentiary hearing has been waived and he is subject to such discipline as may be determined by this Court. The State Bar recommends in each of these cases that Meyer be disbarred. Because of the circumstances, we believe that disbarment is the appropriate sanction for Meyer's numerous violations.

The documents filed in Case Nos. S03Y0187 and S03Y0188 establish that on two separate occasions, Meyer acted as settlement agent and closing attorney for loan closing transactions involving the purchase of real estate. In each instance, he received the seller's proceeds, deposited the funds into his attorney escrow account, represented to the purchaser that he would pay outstanding liens on the property from his escrow account, but failed to do so. Instead, Meyer breached his fiduciary duty by commingling the funds for payment of the liens with his personal funds and appropriating them for his own benefit. When the purchasers discovered that the liens remained unpaid and contacted Meyer to demand proof of the liens' satisfaction, he either failed to respond to their queries or informed them that the receipts showing payment had been lost. In Case No. S03Y0189, Meyer was hired by a couple to represent them in claims arising from personal injuries they sustained in an automobile collision. He subsequently failed to communicate with his clients regarding the status of their case, failed to return their telephone calls and did nothing to pursue the legal matter entrusted to him. Further, he allowed the statute of limitation to expire on their claim without filing a complaint. Finally, in Case No. S03Y0280, the Investigative Panel of the State Bar of Georgia initiated a grievance against Meyer after learning that he had been convicted of felonies in the State of Florida in 1964, 1983 and again in 1987, but had never informed the State Bar of Georgia of his convictions. Nor did Meyer inform the

State Bar of the fact that following his 1987 felony conviction he resigned his membership in the Florida Bar pursuant to the disciplinary rules of the Florida Bar.

Considering these facts (all of which were admitted due to Meyer's failure to respond to the disciplinary process) and the fact that, although properly served with the relevant notices of investigation and notices of discipline, Meyer failed to respond in a timely manner, we find that Meyer knowingly violated Standards 3, 4, 22, 23, 44, 61, 63, 65 and 66 and Rule 9.3 of the Georgia Rules of Professional Conduct, all of Bar Rule 4-102 (d). We note that Meyer has no prior disciplinary history, but find that as the four cases now before us involve multiple offenses, they suggest a pattern of professional deception and client abandonment. Accordingly, we agree with the State Bar's recommendation and find that disbarment is the warranted sanction in these cases. Meyer hereby is disbarred from the practice of law in Georgia and is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Scott Markowitz*, for Meyer.

S03Y1653, S03Y1654, S03Y1655. IN THE MATTER OF LINELL A. BAILEY (three cases).
(587 SE2d 59)